Mr. Justice James
delivered the opinion of the Court:
This is a suit against the maker and endorser on a promissory note. The declaration runs in these words:
“The plaintiff, James A. Hoffecker, Jr., sues the defendant for money payable by the defendant to the plaintiff, for that the defendant, Edward B. Moon, on the 17th day of February, 1891, by his promissory note now overdue, promised to pay the defendant, Llewellyn G. Estes or order, at the Columbia National Bank, of Washington, D. C., the sum of fifteen hundred dollars, ninety days after date, with interest at six per cent., and the said payee endorsed and delivered the said note to the plaintiff before due for a valuable *264 consideration, and the said note was, at maturity, duly presented for payment, and was dishonored, whereof each of the defendants had due notice; but the said defendants did not, nor did either of them, pay the same.”
Then follow the common counts.
The particulars of demand are the promissory note in the suit.
To that declaration the defendant demurred, and his memorandum is: “ 1st. Matter of form: misjoinder of action; and, 2d. Matter of substance, the date of note referred to not being given, nor the date when it was protested and notice thereof given to defendant Llewellyn G. Estes.”
As to the misjoinder of action, section 827 of the Revised Statutes distinctly allows a joint action against the maker and endorser of a promissory note. This is not a question of separate contract. The language of the statute is a little peculiar. It says: “Where money is payable by two or more persons, jointly or severally.” Where money is payable by each of several persons, although their contracts be several, they may be joined in the action.
In this case, money was payable by these parties in the very manner described in section 827. That is called matter of form. It is not, but if it were, a demurrer would not apply to such matter.
The next ground of demurrer is that the date of the note referred to was not given, nor was the 'date when it was protested and notice given to the defendant stated in the declaration. We think that is perfectly stated in the declaration by saying the demand was made at maturity, and the time of maturity is shown.
There is no ground at all for this demurrer, and it really is frivolous. It is only because a great many cases of frivolous resistance have been passed in silence that we forbear to apply the rule which' provides for adding damages. This prolongation of suits on entirely frivolous grounds is an evil which ought to be met in that way; but as I stated, we have never applied the rule, and do not do it now.
*265 It is, however, very important that this should be done. There are so many appeals to this court, taking up its time, upon frivolous grounds, that I think some action should be taken in regard to it. To allow the delay of payment of debts by mere trifling objections is not the proper administration of justice.